## RAHTJEN'S AMERICAN COMPOSITION CO. v. HOLZAPFEL'S COMPOSITIONS CO.

(Circuit Court, S. D. New York. November 22, 1899.)

1. DEPOSITION—WAIVER OF OBJECTION.

A deposition will not be suppressed for refusal of the witness to answer cross interrogatories, where no objection was made until too late to have the fault corrected.

2. TRADE-NAMES—UNFAIR COMPETITION.

"Rahtjen's Composition" having become a well-known article of commerce by that name through the expired English patent and the operations thereunder, so that the name has become descriptive of the article, rather than indicative of its origin, it is not actionable for another manufacturer to make a bid under specifications calling for the article by that name.

This was a suit in equity for unfair competition in trade. On final hearing.

Thomas B. Kerr and Timothy D. Merwin, for plaintiff.

William McAdoo, P. F. B. Sands, and R. B. McMaster, for defendant.

WHEELER, District Judge. A motion to suppress a deposition for refusal of the witness to answer certain cross interrogatories has been brought into the hearing. The refusal might have been corrected if the proceeding against it had been brought on while an opportunity to correct it could be afforded. Not having been so treated, the refusal would seem to be waived. The motion is therefore denied.

"Rahtjen's Composition" appears to have become a valuable article of commerce, well known by that name throughout the maritime world, through Rahtjen's expired English patent and his operations under it, so that his name, in connection with trade in that product, is descriptive of it, and not an indication of its origin as from him or under his right. The article advertised for by the government, in calling for the bids, which are claimed to be an infringement or unfair in competition, was this product, however produced, and not the product produced by or under him. To bid for furnishing such a well-known article, by whatever name known, that would describe it, would not seem to be actionable, according to any established principles of law. Let a decree be entered dismissing the bill.